

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2004

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1904

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Chen v. Atty Gen USA" (2004). *2004 Decisions.* Paper 816.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/816

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-1904
_____

XUE-JIE CHEN,

Petitioner

v.

JOHN ASHCROFT,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an Order of the
Board of Immigration Appeals
(Board No. A73-600-633)
_____

Submitted Under Third Circuit LAR 34.1(a)
March 29, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed: April 19, 2004)
_____

OPINION OF THE COURT
_____

FISHER, Circuit Judge.

Xue Jie Chen ("Chen"), a citizen of the Peoples Republic of China, applied for

asylum and withholding of removal on grounds that he was persecuted on account of his

political opinion given his wife's forced sterilization and the threat of his sterilization by Chinese authorities.[1] He seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). The BIA affirmed without opinion the Immigration Judge's ("IJ") denial of Chen's application for asylum and withholding of removal. Chen questions the IJ's finding that he was ineligible for asylum because he was a persecutor in violation of section 208(b)(2)(A)(i) of the Act (8 U.S.C. § 1158(b)(2)(A)(i)) for administering anesthesia to a woman undergoing a forced late-term abortion. He also questions the IJ's adverse credibility finding regarding his claim for asylum based upon his wife's involuntary sterilization.

We have no jurisdiction to review whether Chen assisted or otherwise participated in persecutory activity given Chen's failure to appeal that issue to the BIA. Because that unreviewable issue provides an independent basis for the IJ's denial of Chen's application for asylum and withholding of removal, we need not address his challenge to the IJ's adverse credibility determination which was raised in his BIA appeal. The petition for review will be dismissed. A brief recitation of the facts informs our jurisdictional analysis.

---

[1]Chen was charged with and conceded removability for entering the United States on November 7, 1996 without being admitted or paroled after inspection by an immigration officer in violation of section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1182(a)(6)(A)(i).

2

Chen graduated from a Chinese medical professional school in 1991 and became employed as an anesthesiologist at a state hospital shortly thereafter. Chen is married and has two children. In June 1996, birth control officials learned that Chen violated the one-child policy. At that time, Chen's wife was taken to the hospital for sterilization but was unable to undergo that procedure given that she recently had a cesarean operation. She ultimately was sterilized in August 1997 and a fine was levied against them for violating the one-child policy.

On June 27, 1996, Chen was enlisted to provide anesthesia to the mother in a late-term abortion where the baby was not appropriately positioned. The fetus was delivered alive. Chen refused to inject a death-inducing anesthesia into the fetus as it was against his medical morals to take a life. But it was not against Chen's morals to administer anesthesia to a mother undergoing an involuntary late-term abortion. The next day, Chen received notice that he was to be sterilized within three (3) days or the procedure would be performed by force. To avoid sterilization Chen left China in early July 1996. He arrived in New York City in November 1996.

The IJ issued an oral decision on October 27, 1999. The IJ determined that Chen was ineligible for asylum and withholding of removal for having assisted or participated in the persecution of another for her political opinion because Chen admitted to having assisted in the June 27, 1996 forced abortion procedure. The IJ also "parenthetically note[d]" that he was "not satisfied that the respondent has testified credibly in this

3

proceeding about other aspects of the case." (A.R. 401). After noting various inconsistencies in the evidence presented by Chen (A.R. 401-404), the IJ alternatively found that Chen had not credibly established that his wife was forcibly sterilized, or that he would face involuntary sterilization if he returned to China. (A.R. 405). The IJ denied Chen's application for asylum and withholding of removal to the Peoples Republic of China.

On November 12, 1999, Chen appealed the IJ's decision to the BIA. The governing regulations provide the requirements for all appeals to the BIA. 8 C.F.R. §§ 3.1 - 3.8. Section 3.3 pertains to Notices of Appeal. That section requires that "[t]he party taking the appeal must identify the reasons for the appeal in the Notice of Appeal (Form EOIR-26...) or in any attachments thereto, in order to avoid summary dismissal...." 8 C.F.R. § 3.3 (b). It further states that:

> [t]he statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited. If the dispute is over findings of fact, the specific facts contested must be identified.

*Id.* The face of the Notice of Appeal Form EOIR-26 also contemplates that an applicant may desire to further refine the issues presented for the BIA's review by filing a brief. Specifically, the Form EOIR-26 permits a party to check the appropriate box – "I will" or "I will not" – "file a separate written brief or statement in addition to the 'Reason(s) for Appeal' written above or accompanying this form." (A.R. 33).

4

In his Notice of Appeal (Form EOIR-26), Chen set forth the following bases for his appeal to the BIA:

> The Immigration Judge erred in deciding that I did not establish a well-founded fear of persecution. I testified consistently and credibly and in sustaim [sic] my burden of proof that I was persecuted in China based upon my choice to have children and activities of being [sic] violating birth control policy. The Immigration Judge's basis of denying my asylum claim was only focused on minor inconsistencies in my testimony at the merit hearing and my statement submitted with my I-589. Therefore, the Immigration Judge's decision should be reversed.

(A.R. 32). Although Chen indicated by checking off affirmatively that he would file a separate written brief in addition to the reasons for the appeal set forth on the Notice of Appeal Form, no such brief was ever filed. (A.R. 33).

Chen waived his right to seek judicial review of the IJ's finding that he was ineligible for asylum based upon his participation in persecution (the forced abortion procedure) in violation of section 208(b)(2)(A)(i) of the Act. 8 U.S.C. § 1158(b)(2)(A)(i).[2] Section 242 (d)(1) of the Act provides that a court may review a final order of removal only if the "alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1)(1999). An alien is required to raise and exhaust his remedies as to each ground for relief in order to preserve the right to judicial review. *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594-95 (3d Cir. 2003). Thus, we are

___

[2]Likewise a persecutor is not eligible for withholding of removal. 8 U.S.C. § 241(b)(3)(B)(i).

5

barred from considering questions not raised on appeal to the BIA. *Alleyne v. INS*, 879 F.2d 1177, 1182 (3d Cir. 1989).

Even the broadest reading of Chen's Notice of Appeal cannot overcome his failure to appeal the finding that he was not entitled to asylum because he participated in the persecution of another by providing anesthesia during a forced late-term abortion. Chen challenged only the finding that he "did not establish a well-founded fear of persecution." (A.R. 32). Well-founded fear of persecution bears no relationship to the IJ's determination of Chen's ineligibility for asylum as a persecutor pursuant to section 208(b)(2)(A)(i) of the Act. 8 U.S.C. §1158(b)(2)(A)(i). Rather, well-founded fear of persecution relates to whether Chen established "refugee" status to obtain asylum based upon his wife's sterilization and the threat of his sterilization should he return to China. 8 U.S.C. § 1101(a)(42)(A) and (B).[3]

Although Chen properly appealed the IJ's adverse credibility determination regarding his "refugee" status to the BIA, we need not reach the merits of that issue. The alternate finding that Chen assisted or otherwise participated in the persecution of another person on account of political opinion independently supports the final order of removal.

---

[3] The Act vests the Attorney General with discretion to grant asylum to a deportable alien who is a "refugee", which is defined as one who is unable or unwilling to return to their country of origin due to a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion. 8 U.S.C. §§ 1101(a)(42)(a) and 1158(b)(1).

We have no jurisdiction to review that basis for the final order of removal. Consequently, the Petition for Review is dismissed.

_____